```
                                                          Pages 1 - 11

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                  BEFORE THE HONORABLE CHERYL YOUNG

ELAINE L. CHAO,                     )
                                    )
          Plaintiff,                )
                                    )
   vs.                              ) No. C 19-1411 JCS
                                    )
ELAINE L. CHAO,                     )
                                    ) San Francisco, California
          Defendant.                ) Friday
                                    ) March 12, 2011
_____) 9:30 a.m.
```

**TRANSCRIPT OF ZOOM VIDEO CONFERENCE PROCEEDINGS**

**APPEARANCES**:

```
For Plaintiff:         CHERYL YOUNG
                       18 Viola Street
                       South San Francisco, California 94080
                       - pro se



For Defendant:         UNITED STATES ATTORNEY'S OFFICE
                       1301 Clay Street
                       Suite 340-S
                       Oakland, California 94612
                   BY: KIMBERLY ANNE ROBINSON
                       ASSISTANT UNITED STATES ATTORNEY




Also Present:          Fusheng Young
```

*Reported By:*   *Debra L. Pas, CSR 11916, CRR, RMR, RPR*
               *Official Reporter - US District Court*
               *Computerized Transcription By Eclipse*

| | |
|---|---|
| **Friday - March 12, 2021** | **10:49 a.m.** |

**P R O C E E D I N G S**

---oOo---

 **THE CLERK:** The next case we are calling is 19-CV-1411, Young versus Chao.

 Appearances please, starting with the plaintiff.

 **THE COURT:** Ms. Young, if you could state your name.

 **MS. YOUNG:** My name is Cheryl Young.

 **MR. YOUNG:** My name is Fusheng Young.

 **THE COURT:** Welcome. So it's Cheryl Young. And, Mr. Young, could you tell me your first name again?

 **MR. YOUNG:** F, as in Frank, U-S-H-E-N-G, as in George.

 **THE COURT:** Thank you.

 And for the Government.

 **MS. ROBINSON:** Yes. Good morning, Your Honor, and good morning, Ms. Young. Kim Robinson for defendant.

 **MS. YOUNG:** Good morning, Kimberly.

 **MS. ROBINSON:** Good morning.

 **THE COURT:** Good morning.

 So thank you all. I've read the briefs, and I think I understand the case and the issues. I don't have any particular questions.

 I don't want you to repeat what you've already said to me in writing, but if there is anything anyone would like to add,

1  I'd be happy to hear that briefly.
2      Starting with the Government, if you have anything
3  additional to add?
4      **MS. ROBINSON:** Nothing additional, Your Honor.  I
5  think the briefs, as far as we're concerned, flesh out the
6  issues.  I don't want to unnecessarily take anyone's time.
7      **THE COURT:** Okay.  So Ms. Young.
8      **MS. YOUNG:** Nothing in particular.
9      **THE COURT:** Okay.  Thank you.
10     So I will take that under submission and make a decision
11 on it, but I did want to ask -- I wanted to ask a couple
12 questions so that I could figure out what to do from here on
13 out.  Because the Government's motion is going to be denied, at
14 least largely.  Most of the arguments are -- there are many
15 arguments that shouldn't have been made, and the rest of them
16 do not have merit.
17     But so we're going to keep going.  That doesn't mean,
18 Ms. Young, that you're going to win.  It just means that you
19 stated -- it's easy to get by the pleading stage in federal
20 court.  You can still win or lose the case at summary judgment
21 or at trial.
22     **MS. YOUNG:** I understand.
23     **THE COURT:** So my -- but my question is:  What do we
24 do next?  And part of it depends on what the situation is.
25 I -- I don't understand -- so I don't really understand

```
 1  Ms. Young's current employment situation; what salary she's
 2  being paid, what amounts she's being paid based on what?
 3         Maybe -- maybe you could tell me, Ms. Young.
 4             MS. YOUNG:  I am paid just retirement pension.
 5  Nothing else.
 6             THE COURT:  So you're paid your retirement pension.
 7             MS. YOUNG:  Yes.
 8             THE COURT:  And your retirement pension, you would
 9  not be paid that if you were working; right?
10             MS. YOUNG:  Right.
11             THE COURT:  Okay.  And how much more is a GS-15 than
12  your retirement pension?
13             MS. YOUNG:  Not more.  My retirement pension is about
14  $2,000 per month.  My government salary GS-15.
15             THE COURT:  So when -- when did you stop receiving
16  your salary?
17             MS. YOUNG:  2017.
18             THE COURT:  2017.  So it's been three years so far?
19             MS. YOUNG:  Yes, sir.  Yes, Your Honor.
20             THE COURT:  Let me just take a note.  Hang on.  Bear
21  with me.
22         (Brief pause.)
23             THE COURT:  Okay.  And does that correspond with your
24  understanding, Ms. Robinson?
25             MS. ROBINSON:  My understanding from the agency is
```

1  that there is some dispute about Ms. Young's claim that she's
2  currently receiving a salary.
3          **THE COURT:**  She says she's not receiving a salary.
4  She says she's receiving only her retirement pay.
5          **MS. ROBINSON:**  I believe in her Second Amended
6  Complaint she said something to that effect, about receiving a
7  salary, and that was a cause for concern from the agency's
8  perspective.
9      To fully flesh out where the -- the agency is on this, I'm
10 not sure at this moment.
11         **THE COURT:**  Okay.  Well, so that's something you
12 should be fluent in and not have to call anybody about because
13 that's how I plan these things.
14     So I will assume that Ms. Young is correct, that what is
15 at stake here is -- you know, is the difference between the
16 $24,000 she gets for her retirement and the salary for GS-15,
17 which was considerable.  We're all Government workers here.  We
18 know those pay rates for -- since 2017 at least.
19     The question is what we should do next, because after this
20 motion is denied, you know, it's -- it would seem to be in
21 everybody's interest to try to reach a settlement of the
22 matter.  But I don't know if the Government is interested in
23 settling the case.
24         **MS. ROBINSON:**  Again, Your Honor, I think once we see
25 your order, which sounds like it's not going to be favorable to

1 the Government, we'll -- I will talk about it with my client.

2 **THE COURT:** You haven't talked about settlement with

3 them before?

4 **MS. ROBINSON:** I have, but I cannot disclose that to

5 the Court without breaking confidence with my client and the

6 attorney-client privilege.

7 **THE COURT:** That's false. That's false. I want the

8 position of your client with respect to whether they are

9 interested in settlement. You can tell me that.

10 **MS. ROBINSON:** Your Honor, I think that the

11 Government will certainly discuss settlement with Ms. Young.

12 What I was referencing, Your Honor, was merely any

13 specifics that I might have discussed with my client about that

14 matter and any answer they would have given to me.

15 **THE COURT:** Well, I don't know what you mean by

16 "specifics." I think it's always the province of the Court to

17 try to figure out whether it's useful to -- for me to force the

18 parties to engage in settlement negotiations.

19 I'm considering sending this to a magistrate judge for a

20 settlement conference. I won't do that if the Government is

21 going to walk in and say: We're right. We're not going to pay

22 you anything resembling what you want.

23 **MS. ROBINSON:** Your Honor, I believe that my client

24 will -- is certainly, as we stated in the joint case management

25 statement, amenable to settlement discussions.

1         And we will, of course, have those discussions in good
2    faith, absolutely.
3         **THE COURT:**  Have there been settlement -- have you
4    made any settlement offers?
5         **MS. ROBINSON:**  We have not in the course of this
6    litigation, but I know from talking to the client about the --
7    you know, the administrative process obviously went on for
8    quite some time and there were settlement discussions -- and
9    Ms. Young is more familiar with these than I am -- during that,
10   that lengthy time period between the Government and Ms. Young.
11        **THE COURT:**  And is -- okay.  And is -- from your
12   perspective, Ms. Young, in terms of a settlement, a settlement
13   is about money from your perspective?
14        **MS. YOUNG:**  Yes.
15        **THE COURT:**  Okay.  I mean, it's not about
16   reinstatement.
17        **MS. YOUNG:**  Umm, I would rather be reinstated.  But
18   on the other side, settlement is fine with me because it has
19   been last for 12 years.
20        **THE COURT:**  Yes.
21        **MS. YOUNG:**  Not 13 years.
22        **THE COURT:**  And are you enjoying your retirement at
23   all?
24        **MS. YOUNG:**  No.  No.
25        **THE COURT:**  No?  You have that nice person sitting

```
 1  next to you.
 2       Well, you know, because sometimes the settlements go and,
 3  the Government may be willing to consider a settlement with you
 4  that does not include reinstatement but might include some
 5  money.  And I'm just wondering whether or not that's of
 6  interest to you.
 7       If that's of interest -- because I don't know what they
 8  are interested in doing.  I don't know how much, if any, money
 9  they would pay.  But if a settlement that doesn't include -- is
10  like that which does not include reinstatement is of interest
11  to you, maybe we will get in front of a magistrate judge and
12  see if we can -- another one, not me, and see if it can be
13  worked out.
14       Are you interested in that?
15            MS. YOUNG:  Yes, Your Honor.
16            MS. ROBINSON:  Your Honor, if I might.
17            THE COURT:  Sure.
18            MS. ROBINSON:  If I may.
19       If Ms. Young -- Ms. Young, we've had a nice rapport, I
20  think, communicating over the course of her case.  Ms. Young,
21  if you would like to pass along any terms of settlement to me
22  personally, I'm certainly happy to pass that along to my
23  client.
24            MS. YOUNG:  Okay.  We can talk about it.
25            MS. ROBINSON:  And that can move the discussion
```

1  along.

2  **THE COURT:** I think that's a great idea. We can talk
3  about that later. That's a good idea. Thank you both for
4  that.

5  All right. Well, so I want to refer this to a magistrate
6  judge for settlement.

7  I want to give you a chance to have your own discussions,
8  you know, between Ms. Young and Ms. Robinson and about settling
9  it before you do that. So I'm thinking of referring it to a
10 magistrate judge for settlement.

11 Is there anyone in particular that the Government would
12 prefer or Ms. Young would prefer for a settlement judge? I
13 mean they are all good, so...

14 **MS. ROBINSON:** Agreed, Your Honor. They are all
15 good. The Government has no position on a specific magistrate
16 judge.

17 **THE COURT:** Okay. And it sounds like --
18 **MS. YOUNG:** I have no problem at all.
19 **THE COURT:** Okay. Well, let me refer generally for a
20 settlement conference before a magistrate judge at the
21 convenience of their calendar.

22 I'll set a case management conference out 120 days. If
23 the case hasn't settled, we'll set a discovery and summary
24 judgment and trial set schedule. But I'd like you to try to
25 see if you can work it out in that 120 days.

1      So, Karen, can I have a case management conference 120
2  days out?
3           **THE CLERK:**  Does July 9th at 2:00 p.m. work for the
4  parties?
5           **MS. ROBINSON:**  Yes, Your Honor.  That time and date
6  works for defendant.
7           **MS. YOUNG:**  Yes.
8           **THE COURT:**  Okay.
9           **MS. YOUNG:**  Yes, Your Honor.
10          **THE COURT:**  Sorry.  I've got a little friend who just
11 came in.  You know when you're working from home.  You get
12 little friends.
13     (Brief pause.)
14          **THE COURT:**  Okay.  Great.
15          **THE CLERK:**  Judge, really quick.  Because of the 4th
16 of July holiday, if you want any updated statement, do you want
17 them to submit that, like, maybe on the 6th rather than
18 July 2nd?
19          **THE COURT:**  Yes.  That would be great.  Updated
20 statement on July 6th.
21     All right.  Anything else I can help you with?
22          **MS. ROBINSON:**  Nothing from defendant, Your Honor.
23          **THE COURT:**  Okay.
24          **MS. YOUNG:**  Thank you very much.
25          **THE COURT:**  Thank you.

1     **MS. YOUNG:**  We appreciate it, Your Honor.
2     **THE COURT:**  Thank you.
3     **MS. ROBINSON:**  Thank you.
4     **THE CLERK:**  Court stands in recess.
5  (Proceedings adjourned.)

**CERTIFICATE OF OFFICIAL REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Thursday, March 12, 2021