1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6

7   CHERYL YOUNG,                          Case No.  19-cv-01411-JCS
                     Plaintiff,
8
9          v.                              **ORDER DENYING MOTION TO
                                           DISMISS COUNTERCLAIMS**
10  PETE BUTTIGIEG,                         Re: Dkt. No. 84
                     Defendant.
11

12  **I.    INTRODUCTION**

13         Plaintiff Cheryl Young, pro se, prevailed on administrative claims for employment

14  discrimination against her former employer, the Department of Transportation ("DOT").  When

15  Defendant, the Secretary of Transportation, failed to offer Young a position she considered

16  equivalent for reinstatement, Young brought this action to challenge the outcome of the

17  administrative proceedings.  By necessity, Young seeks de novo review of the administrative

18  determination.  The Court previously denied the Secretary's motion for summary judgment based

19  on Young's failure to return the back pay she received from the administrative decision, but

20  allowed the Secretary to bring a counterclaim for such funds, subject to a motion to dismiss.

21         The Secretary has now filed counterclaims for unjust enrichment and recovery of a debt

22  owed to the United States, and Young moves to dismiss.  The Court finds the matter suitable for

23  resolution without oral argument and VACATES the motion hearing set for May 13, 2022.  **The**

24  **case management conference set for the same time remains on calendar and will occur as**

25  **scheduled.**  For the reasons discussed below, the motion to dismiss is DENIED.[1]

26
27
_____
28  [1] The parties have consented the jurisdiction of a magistrate judge for all purposes pursuant to 28
    U.S.C. § 636(c).

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.    BACKGROUND

### A.    Procedural History and Previous Order

The procedural history of this case is complex and largely not relevant to the outcome of the present motion.  In brief, Young prevailed on administrative claims of discrimination, and the Equal Employment Opportunity Commission ("EEOC") ordered the DOT to reinstate her to an equivalent position and provide back pay.  The DOT offered her a position, but Young did not agree that it was equivalent to previous job, and she filed a petition for enforcement.  The EEOC granted that petition in part, finding some fault with the DOT's documentation and payment of back pay, but concluding that the position the DOT offered Young was sufficiently similar to her past position to be equivalent, and that Young was only entitled to back pay through March 17, 2017, when she "effectively rejected said offer."  2nd Am. Compl. ("SAC," dkt. 44) Ex. 40 at 8.

Young filed this action pro se, seeking to enforce the EEOC's decision as she understood it, which would require either offering a different position for reinstatement or providing front pay if no such position was available.  *See* Compl. (dkt. 1).  The Court dismissed her complaint as untimely, and the Ninth Circuit affirmed the decision to dismiss the claim Young actually asserted (which sought to enforce the EEOC's final order) because the DOT had complied with that order, relying on *Carver v. Holder*, 606 F.3d 690 (9th Cir. 2010), which held that a plaintiff who prevailed on liability in administrative proceedings but was unsatisfied with the EEOC's decision on a petition for enforcement (where, as here, the EEOC concluded that the defendant agency had complied with its previous order and no further action was necessary) could not "parse his action to increase the remedy without relitigating the liability issue in pursuing his claim in federal court."  *Carver*, 606 F.3d at 692; *see generally Young v. Chao*,[2] 816 F. App'x 154 (9th Cir. 2020).  The Ninth Circuit reversed the denial of leave to amend, however, holding that Young should be permitted to amend her complaint to pursue de novo review of the EEOC's decision.  *Young*, 816 F. App'x at 154–55.

Young filed an amended complaint asserting claims for de novo review under Title VII and

---

[2] While this case has been pending, Pete Buttigieg replaced Elaine Chao as Secretary of Transportation, and thus was automatically substituted as the defendant.

1  the Age Discrimination in Employment Act ("ADEA"), and the Court denied in large part the

2  Secretary's motion to dismiss.  Order re Mot. to Dismiss SAC (dkt. 56).[3]  The Secretary then

3  moved for summary judgment or again to dismiss, raising arguments regarding timeliness that the

4  Court rejected, *see* Order Denying Mot. for Summ. J. ("MSJ Order," dkt. 79)[4] at 6–12, as well as

5  an argument that Young could not proceed without returning the back pay that she received

6  pursuant to the EEOC's decision.  As to the latter issue, the Court held that Young was not

7  required to return the funds as a precondition to bring her claim, relying on two appellate decisions

8  rejecting similar arguments.  *Id.* at 12–18

9      In *Massingill v. Nicholson*, 496 F.3d 382 (5th Cir. 2007), the Fifth Circuit addressed the

10  issue as follows:

> Furthermore, we do not think that Massingill must disgorge or offer to disgorge the money she has received so far for her case to proceed. We recognize that, as the district court noted, two district courts have held otherwise. Indeed, one of those courts held that the defendant's performance of the injunctive remedy and sending to plaintiff of checks for compensatory damages and attorneys' fees precluded relief, even though plaintiff had returned the former check and offered to return the latter or post a bond for it and the checks were sent after plaintiff had filed suit but before defendant was served. But there is nothing in the statute creating the right of action, 42 U.S.C. § 2000e–16(c), which precludes suit if the award has been partially or even completely rendered. Defendants might complain that, having rendered an award, they are entitle to repose, but § 2000e-16(c) gives plaintiffs only ninety days after the final agency disposition to sue, and it's not unreasonable to delay such repose for three months. This is not a situation involving the common-law defense of satisfaction of a debt, settlement, or judgment from some time ago, it is situation where the administrative scheme has played out, the plaintiff has ninety days to sue, and she does so within that time. We do not mean to encourage plaintiffs to accept awards and then file suit, but we cannot conclude that Massingill has forfeited her rights under § 2000e-16(c) in the present circumstances.
>
> Of course, the VA here can counterclaim against Massingill for the amounts already paid, obtaining offset against any recovery by Massingill and judgment against Massingill if no liability is found or the offset is greater than the recovery.

25  *Massingill*, 496 F.3d at 386 (footnote omitted).  The D.C. Circuit reached the same conclusion:

> In this case, Farrar has also expressed no such intent [to return funds].

---
[3] *Young v. Buttigieg*, No. 19-cv-01411-JCS, 2021 WL 981305 (N.D. Cal. Mar. 16, 2021).
[4] *Young v. Buttigieg*, No. 19-cv-01411-JCS, 2022 WL 220849 (N.D. Cal. Jan. 25, 2022).

3

1

2

3

4

> But so what? Farrar sued under the Rehabilitation Act, which gives employees 90 days from the Commission's decision—without referring to its award—to file a civil action. 42 U.S.C. § 2000e-16(c). The Act says nothing about requiring an employee to first disgorge, or offer to disgorge, an administrative remedy already received. Although Farrar could have returned, or offered to return, his award before filing suit, the statute doesn't require it. And we cannot read that requirement into the statute without rewriting it.

5    *Farrar v. Nelson*, 2 F.4th 986, 988 (D.C. Cir. 2021).

6         Finding those decisions persuasive, this Court held that "[n]otwithstanding whatever claim

7    the Secretary might have to Young's administrative award if Young fails to prevail in this action,"

8    her "continued possession of those funds is not grounds for dismissal of her claim for de novo

9    review." MSJ Order at 18. The Court also declined at that time to order Young to place funds in

10   escrow, post a bond, or otherwise secure the funds at issue pending the outcome of this case. *Id.* at

11   18–20. Based on the *Massingill* and *Farrar* decisions' treatment of potential remedies for the

12   government as dependent on bringing a counterclaim, the Court held "that the Secretary cannot

13   recover funds at issue without affirmatively bringing a claim for them," and set a schedule for the

14   Secretary to bring a counterclaim, for Young to move to dismiss, and—if the counterclaim

15   survived that motion—for the Secretary to "move for requiring funds to be placed in escrow or the

16   posting of a bond." *Id.* at 19–20.

17        **B.    The Secretary's Counterclaim and the Parties' Arguments**

18        The Secretary alleges in his counterclaim that pursuant to the administrative award now on

19   review in this case, the DOT paid Young $60,000 in compensatory damages, reimbursed her

20   attorneys' fees and costs totaling $196,177.84, and—after accounting for offsets due to retirement

21   benefits, tax liabilities, and other factors—paid back pay of $168,798.69 to Young directly,

22   $35,292 to Young's Thrift Savings Plan account as employee contributions, and $15,687.69 to

23   Young's Thrift Savings Plan account as employer contributions. Counterclaim (dkt. 83) ¶¶ 10–16.

24        The Secretary asserts two counterclaims. First, in a counterclaim for unjust enrichment,

25   the Secretary asserts that "[b]y electing to initiate this *de novo* action, Young forfeited her

26   entitlement to the payments and benefits that she received pursuant to the . . . administrative

27   remedial award and to the benefits of additional payments made by DOT to others pursuant to the

28   backpay award," and that "[i]n equity and good conscience such money belongs to DOT." *Id.*

¶¶ 20–27.  Second, in a counterclaim under 28 U.S.C. § 3001 *et seq.*, the Secretary asserts that "DOT did not violate Title VII or the ADEA, and thus is not liable to Young for any sums or relief," and Young therefore "owes DOT the sums it has paid to date as remedies for alleged violations of Title VII and the ADEA." *Id.* ¶¶ 28–31.

Young argues that the Secretary's unjust enrichment claim was a compulsory counterclaim that the Secretary waived by failing to include in his answer.  Mot. (dkt. 84) at 4–5.  Young contends that the Secretary's unjust enrichment counterclaim is barred by res judicata, citing the Court's previous order that Young need to return the funds she received in order to proceed on her claim for de novo review.  *Id.* at 5–6.  Young also argues that the unjust enrichment counterclaim lacks a necessary allegation that the judgment at issue was "reversed or avoided," *id.* at 6–7 (citing the Restatement of Restitution), and that it is not cognizable because the Secretary has an adequate remedy at law pursuant to federal regulations for return of overpayments of back pay, *id.* at 7–8 (citing 5 C.F.R. § 550.805).  Young makes clear that she agrees the money she received should offset any judgment she obtains here, and that she would likely be required to return funds if she does not prevail here or obtains a lesser judgment.  *Id.* at 7.  Young construes the second claim under 28 U.S.C. § 3001 as a request for preliminary relief, and argues that the Secretary has not made the necessary showing for a preliminary injunction under the test of *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).  Mot. at 8–11.

The Secretary contends that he has not waived his counterclaim for unjust enrichment because courts routinely permit counterclaims to be stated in a separate document from a defendant's answer, and that the Court's previous order denying the motion for summary judgment effectively granted the Secretary leave to amend his answer to assert his counterclaims.  Opp'n at 2–3.  The Secretary argues that the doctrine of res judicata is inapplicable because there was no separate action or judgment decided against the Secretary, and that to the extent the Court might construe Young's motion as instead asserting law of the case, the Secretary's counterclaim was specifically contemplated by the Court's previous order and is not inconsistent with the ruling that disgorgement is not a precondition for Young's own claim for de novo review.  *Id.* at 3–4.  The Secretary contends that he has sufficiently alleged his counterclaim, and clarifies that while he

United States District Court
Northern District of California

"maintains that the administrative award was unjustly retained once Young filed *de novo* claims, following the Court's decision on summary judgment, the Secretary's counterclaim for restitution will depend on the outcome of Young's *de novo* claims in this lawsuit." *Id.* at 4–5.  He further argues that Young has not alleged a remedy on a valid *contract* claim that would preclude relief through unjust enrichment, and that the regulation she cites also does not afford adequate relief because it provides only for an offset against payment of back pay, which would be of no use here if the Court determined that Young was not entitled to any award. *Id.* at 5–6.  As for his claim under § 3001, the Secretary argues that in accordance with the Court's previous order, he has not yet sought preliminary injunctive relief, and thus need not satisfy the *Winter* test at this time. *Id.* at 6.  The Secretary requests leave to amend if the Court finds any defect in his counterclaims. *Id.* at 7.

Young makes clear again in her reply that she does not dispute that she would be required to return funds if she loses this case, and that her primary objection to the counterclaims is the Secretary's stated position that Young forfeited her right to the funds she received by *filing* this case, rather than that she would forfeit the funds if she loses. Reply at 2–3.  She argues that the Court's previous order precluded that position by contemplating a return of funds only in the event of a judgment against Young. *Id.* at 3–4.  She also generally frames her waiver and insufficient pleading arguments as based on the counterclaim's assertion that she lost her right to the funds upon filing this action, but adds that "[t]o survive a motion to dismiss, the Secretary must plead sufficient factual allegations to show it is not only possible but plausible that Young will lose." *Id.* at 4–5.  She contends that the Secretary has not shown grounds for preliminary relief under § 3100 and related provisions, and that the Secretary's desire for preliminary relief despite Young's creditworthiness and ability to satisfy any eventual judgment is indicative of bad faith. *Id.* at 6–7.  Young argues that the assertions in the Secretary's second claim that the DOT did not violate Title VII or the ADEA, and that Young owes the Secretary the funds previously paid, are legal conclusions not entitled to be taken as true. *Id.* at 5.

United States District Court
Northern District of California

### III.   ANALYSIS

#### A.   Legal Standard

A complaint (or counterclaim) may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a claimant's burden at the pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party."  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The claim must be "'plausible on its face,'" which generally requires that the claimant must plead sufficient factual allegations to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

#### B.   Unjust Enrichment

While the parties dispute the appropriate form for the Secretary's claim, and the Secretary apparently still maintains a belief that Young forfeited her right to the funds she received by asserting a claim for de novo review, the parties agree on the substantial issues in question.  First, that at least in light of the Court's prior order following the reasoning of *Massingill* and *Farrar*, the Secretary will not have final right to recover funds from Young unless and until Young either fails to prevail in this action or obtains a lesser judgment than she did in administrative proceedings.  *See* Opp'n at 5 ("[F]ollowing the Court's decision on summary judgment, the Secretary's counterclaim for restitution will depend on the outcome of Young's *de novo* claims in this lawsuit.").  And second, that if that occurs, Young will be required at that time

7

1    to return any excess funds she received.  *See* Reply at 2–3 ("Young's position, repeatedly stated in

2    pleadings, is that 'the amount should be calculated after the adjudication in this court and either

3    offset the award or return to the Agency should the award be less or zero.'" (citing dkt. 70 at 15;

4    dkt. 84 at 7)).

5          Given that Young does not dispute that the Secretary would be entitled to reimbursement if

6    she loses this case, unjust enrichment is an appropriate framework to present that contingent claim.

7    The claim of unjust enrichment is recognized in at least some circumstances under both federal

8    common law and California law.  *See United States ex rel. Mei Ling v. City of Los Angeles*, No.

9    CV 11-974 PSG (JCX), 2018 WL 3814498, at *33 (C.D. Cal. July 25, 2018) (citing *United States*

10   *v. California*, 932 F.2d 1346, 1350 (9th Cir. 1991), for the proposition that "the federal common

11   law already recognizes claims for unjust enrichment"); *Hartford Cas. Ins. Co. v. J.R. Mktg.,*

12   *L.L.C.*, 61 Cal. 4th 988, 1000, 1008 (2015) (reversing dismissal of an unjust enrichment claim

13   under California law).

14         As Young notes in her motion, the Restatement (Third) of Restitution recognizes that a

15   "transfer or taking of property, in compliance with or otherwise in consequence of a judgment that

16   is subsequently reversed or avoided, gives the disadvantaged party a claim in restitution as

17   necessary to avoid unjust enrichment."  Restatement (Third) of Restitution & Unjust Enrichment

18   § 18; *see PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 822 (9th Cir. 2018)

19   (addressing § 18 as potentially persuasive as to California law and noting that California courts

20   have applied its predecessor from an earlier version of the Restatement).  "Although the present

21   section refers only to a 'judgment' that is subsequently reversed or avoided, the same principle

22   governs any case of unjust enrichment in consequence of a judicial or administrative order . . . that

23   is subsequently dissolved or withdrawn."  *Id.* comment a.  Such a claim "may be asserted in any

24   forum having jurisdiction," and relief may "be decreed by an appellate court as an incident of its

25   power to correct errors," "ordered by the original tribunal on remand (either sua sponte or on

26   motion); or following reversal even without remand, as an exercise of the court's inherent

27   equitable powers; or in response to a collateral attack on the judgment," or "sought in a separate

28   action in any court having jurisdiction."  *Id.* comment b.

"California courts have long relied on the American Law Institute's Restatements for guidance." *Pro. Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 240 (2018). To the extent federal common law might apply instead, the Court is aware of no reason it would differ. The principle of section 18 discussed above encompasses the relief that both parties agree the Secretary would be entitled to if Young does not prevail on her claim, and given the comments' emphasis on flexibility as to procedures and forums by which to assert that right, the Court holds that asserting a counterclaim for restitution contingent on the plaintiff's failure to prevail is consistent with the Restatement. Given that the Secretary has now made clear he does not intend to assert a final right to the funds at issue unless and until Young loses this case, *see* Opp'n at 5, the Court construes his counterclaim as contingent on that outcome, despite some language therein suggesting that Young forfeited her right to the funds upon filing her claim. *See* Counterclaim ¶ 24 ("By electing to initiate this *de novo* action, Young forfeited her entitlement to the payments and benefits that she received . . . ."). Requiring an amendment to more clearly conform the counterclaim to the Secretary's stated position would be an inefficient exercise in formality serving no practical purpose, inconsistent with the spirit of the Federal Rules of Civil Procedure. *Cf.*, *e.g.*, Fed. R. Civ. P. 15(b)(2) (permitting pleadings to be deemed amended by consent).

So construed, the counterclaim is consistent with the Court's order on summary judgment permitting the filing of "whatever claim the Secretary might have to Young's administrative award if Young fails to prevail in this action." *See* MSJ Order at 18; *see also id.* at 20 (setting a schedule for such a counterclaim). As Young appears to acknowledge in her reply, the permission granted in the Court's previous order negates her arguments regarding waiver and preclusion.

The question remains what, exactly, the Secretary must allege to support such a claim. The Court is aware of no authority addressing that issue in the context of a counterclaim for unjust enrichment asserted in an action under Title VII or the ADEA for de novo review of an order by the EEOC.

Normally, a party asserting a claim for relief must include sufficient factual allegations to plausibly support the conclusion that they are entitled to that relief. But the circumstances here are

unusual.  Since Young has elected to pursue de novo review of the claims previously adjudicated by the EEOC, whatever outcome is reached in this case will supersede the administrative order in her favor.  The burden is on Young to prove her claims, and if she fails to do so, judgment will be entered against her, nullifying the relief she obtained from the EEOC.  The only other requirement for the Secretary to prevail on his claim for unjust enrichment under the restatement principles discussed above is a showing that the Secretary paid Young money pursuant the administrative order, which the Secretary has alleged.  *See* Counterclaim ¶¶ 10–16.  The Court finds those allegations sufficient in this context, and will not require the Secretary to allege facts negating the elements of Young's claims—a function better served by the Secretary's answer, where the Secretary has denied many of Young's allegations.  *See generally* Answer (dkt. 58).

Accordingly, the Secretary's unjust enrichment counterclaim may proceed as construed by this order, and Young's motion to dismiss that counterclaim is DENIED.

### C.   Section 3001

The Secretary's second claim is under 28 U.S.C. § 3001, the Federal Debt Collection Procedures Act.

> The Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. §§ 3001–3308, sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution." *Id.* §§ 3001(a)(1), 3002(3)(B). The FDCPA was enacted "to give the Justice Department uniform Federal procedures—prejudgment remedies and postjudgment remedies—to collect debts owed the United States nationwide." H.R.Rep. No. 103–883, at 81 (1995).

*United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005).  "Debts" subject to the statute are defined broadly, and include "an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States."  28 U.S.C. § 3002(3)(B).

Young moves to dismiss this claim on the grounds that the Secretary has not shown entitlement to preliminary relief (under the procedures of that statute or otherwise), has not alleged

United States District Court
Northern District of California

a currently-existing debt, and has not sufficiently alleged that he did not violate Title VII or the ADEA. *See* Mot. at 8–11; Reply at 5–7. As with the unjust enrichment counterclaim, the Court holds the Secretary to the position taken in his opposition brief, and construes this counterclaim as asserting a right to the funds at issue that is contingent on Young's failure to prevail on her own claims. As discussed above, Young does not contest that she would be required to return the funds in that event. Such an obligation would fall within this statute's broad definition of a "debt," and thus would be subject to the statute's "exclusive civil procedures" for collection.

As a procedural mechanism, it is not entirely clear whether the statute provides an affirmative claim for relief—an issue the parties have not addressed. But given that there is no dispute that Young would owe the government money if she does not prevail, and it appears clear that this statute would govern the procedures for collection of such funds, the Court finds no basis to dismiss it. Young's motion to dismiss the second counterclaim is DENIED.

## IV. CONCLUSION

For the reasons discussed above, Young's motion to dismiss the Secretary's counterclaims is DENIED. Young shall file an answer to the counterclaims admitting or denying each allegation therein, *see* Fed. R. Civ. P. 8(b), no later than May 31, 2022. The Secretary, if he so chooses, may file a motion for preliminary relief after Young files her answer.

The Court's conclusion here does *not* mean that the Secretary is necessarily entitled to any form of preliminary relief, under § 3001 or otherwise, or that the Secretary will prevail on the merits of the case. On the other hand, the Secretary's concession that he does not have a final right to the funds unless and until Young fails to prove her claims does not necessarily preclude preliminary relief to ensure that funds would be available in that event. If the Secretary believes such relief is warranted, that is an issue to be addressed on a separate motion.

**IT IS SO ORDERED.**

Dated: May 10, 2022

JOSEPH C. SPERO
Chief Magistrate Judge

11