UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PETE BUTTIGIEG,<br><br>　　　　Defendant. | Case No. 19-cv-01411-JCS<br><br>**ORDER REGARDING MOTION FOR REVIEW OF COSTS**<br><br>Re: Dkt. No. 145 |

## I. INTRODUCTION

Plaintiff Cheryl Young, pro se, brought this action challenging an EEOC decision in which she largely prevailed but did not receive an acceptable position for reinstatement, and raising other claims regarding her employment at the Department of Transportation. Defendant the Secretary of Transportation (the "Secretary") asserted counterclaims seeking to compel Young to repay the monetary award she received through EEOC proceedings if she did not prevail on her claim for de novo review.

The parties previously stipulated to dismiss Young's claim for de novo review and the Secretary's counterclaims. The Secretary prevailed on summary judgment as to Young's remaining claims. The Secretary sought costs totaling $7,834.90, of which the Clerk disallowed $3,800 and allowed $4,034.90. Young now moves for review of the Clerk's decision taxing costs. The Secretary did not move for review of the costs that the Clerk disallowed.[1]

---

[1] The Court therefore disregards the suggestion in the Secretary's opposition brief that the Secretary has compromised on costs that could have been recovered. In the absence of a motion by the Secretary, the Clerk's decision that those costs were not permitted under 28 U.S.C. § 1920 is final, and the Secretary is not entitled to credit for declining to pursue unrecoverable costs. "The fact that the Clerk disallowed improper costs is irrelevant, and should have no bearing on the amount, if any, that Plaintiff should pay." *Moujaes v. San Francisco City & County*, No. 15-cv-03129-DMR, 2017 WL 1540732, at *3 (N.D. Cal. Apr. 28, 2017).

## II. LEGAL STANDARD

Rule 54(d)(1) of the Federal Rule of Civil Procedure provides that "costs—other than attorney's fees—shall be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). Based on the use of the word "shall" in Rule 54(d), the Ninth Circuit has found that the presumption in favor of awarding costs to the prevailing party is a "strong presumption." *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003). "It is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

While a district court need not give reasons for awarding taxable costs to the prevailing party, if it declines to do so, it must "specify reasons" why awarding costs "would be inappropriate or inequitable." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592–93). Each of those factors can be "an appropriate reason for denying costs, or for a reduction in the amount awarded to the prevailing party." *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016) (cleaned up). "This is not 'an exhaustive list of "good reasons" for declining to award costs,' but rather a starting point for analysis." *Escriba*, 743 F.3d at 1248 (quoting *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593).

## III. ANALYSIS

Young argues that in this case, each of the relevant factors warrants a departure from the usual practice of awarding costs to the prevailing party.

Beginning with the question of "substantial public importance," Young has not identified any reason why this case would be "subject to closer scrutiny or special interest by the court," or

2

any way in which it is likely to have "ramifications beyond the parties and concerns immediately involved in the litigation." *Cf. Ayala v. Pac. Mar. Ass'n*, No. C08-0119 TEH, 2011 WL 6217298, at *3 (N.D. Cal. Dec. 14, 2011). That is not to say that employment discrimination cases—in the public sector or otherwise—are not important, but courts apply the usual test of Rule 54 to costs in Title VII cases. *See, e.g.*, *Nat'l Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982); *Novak-Scott v. City of Phoenix*, No. CV 05-3147-PHX-JAT, 2009 WL 825813, at *3 (D. Ariz. Mar. 30, 2009). The Court is aware of no case taking a different approach with respect to the ADEA, which largely incorporates the enforcement provisions of the Fair Labor Standards Act, another statute that courts have treated as consistent with Rule 54's usual treatment of costs. *See* 29 U.S.C. § 626(b); *Roces v. Reno Hous. Auth.*, No. 3:15-cv-00408-RCJ-WGC, 2018 WL 3231240, at *1 (D. Nev. July 2, 2018). Young has not demonstrated that this case has substantially greater public importance than a typical Title VII or ADEA case.[2] Young asserts in her reply that "this case was the first in the Ninth Circuit where a federal employment [discrimination] victim appealed an EEOC enforcement decision and accepted the risk of placing [in jeopardy] EEOC liability decisions in her favor under a *de novo* review," Reply (dkt. 148) at 1–2, but assuming for the sake of argument that her assertion is correct, she does not explain how filing such a claim (and later voluntarily dismissing it) advances any public interest beyond a typical discrimination case.

      As for "the closeness and difficulty of the issues in the case," the Secretary prevailed on summary judgment as to all claims that Young pursued to that point. The Court's summary judgment order turned on issues that were not particularly close. As for issues resolved before summary judgment, a defendant's voluntary dismissal of counterclaims might in some cases demonstrate a close issue or constitute some degree of success by a plaintiff in avoiding potential liability herself. In this case, though, the Secretary's counterclaims were entirely derivative of Young placing her EEOC award in jeopardy by pursuing de novo review, and dismissal of the

---

[2] In her initial objection to the United States' bill of costs, Young argued that this case implicated the statute-specific test for costs under the Americans with Disabilities Act ("ADA"). Young did not pursue an ADA claim in this case, and has not pursued that argument in her present motion for review of the Clerk's determination of costs.

counterclaims therefore followed from Young's dismissal of her own claims for de novo review—she did not, for example, obtain a release of any independent claims that the Secretary might have had against her before she filed this case. The fact that Young's case survived earlier motions also does not demonstrate that the underlying issues were close, given that the Secretary was ultimately entitled to summary judgment on relatively straightforward grounds. This factor does not warrant a departure from the usual rule of awarding costs to the prevailing party.

Turning to potential chilling effects, Young argues that the risk of losing her EEOC award through de novo review created a potential chilling effect that would be exacerbated by an award of costs. But the parties agreed to resolve any such danger by withdrawing the relevant claims and counterclaims before the Secretary filed his motion for summary judgment. The Court does not reach the question of whether awarding costs would be appropriate if the parties' voluntary dismissal of claims related to de novo review had disposed of the case in its entirety, or if those claims had proceeded and Young had incurred (or at least risked) a judgment against her to recapture her EEOC award. Under the circumstances presented, where the case ultimately resolved on claims unrelated to de novo review and with no risk to Young's administrative award, Young has not demonstrated a chilling effect distinct from any other Title VII or ADEA discrimination case.

Finally, with respect to Young's financial resources and the economic disparity between the parties, Young has offered evidence of her limited retirement income, but has not offered evidence of her assets. As the Secretary notes, Young previously represented that she could satisfy a six-figure judgment against her if the Secretary prevailed on his counterclaims, and nothing in the current record contradicts that assertion. The Court therefore cannot say that upholding the allowed costs of $4,034.90 would risk rendering Young indigent or otherwise constitute an unjust burden.

Moreover, while the United States Government undoubtedly has greater resources at its disposal than Young, the Court is aware of no authority construing the "economic disparity" factor as, in itself, establishing a presumption that costs will not be taxed in favor of the Government, at least where an unsuccessful plaintiff has not demonstrated any unusual burden in bearing those

4

costs. If the drafters of Rule 54 had intended that the public at large should shoulder a greater burden than other defendants in funding a successful defense against non-meritorious claims, the Court expects that such a policy would be stated clearly in the rule. Some decisions have cited this factor as relevant to declining to award costs in cases where public entities prevailed, but as far as this Court is aware, they have done so only where other factors also counseled against imposing costs on the plaintiffs. *See, e.g.*, *Moujaes v. San Francisco City & County*, No. 15-cv-03129-DMR, 2017 WL 1540732, at *4 (N.D. Cal. Apr. 28, 2017) (citing *Godoy v. County of Sonoma*, No. 15-cv-00883-WHO, 2016 WL 6663003 (N.D. Cal. Nov. 10, 2016); *Hunter v. City & County of San Francisco*, No. 11-cv-4911 JSC, 2013 WL 6088409 (N.D. Cal. Nov. 19, 2013); *Washburn v. Fagan*, No. C03-00869 MJJ, 2008 WL 361048 (N.D. Cal. Feb. 11, 2008)). Young has not met her burden to show that financial factors warrant relieving her of the typical obligation to pay the costs at issue.

## IV. CONCLUSION

For the reasons discussed above, Young's motion to set aside the Clerk's determination of costs is DENIED. Young is therefore ORDERED to pay costs as taxed by the Clerk.[3]

**IT IS SO ORDERED.**

Dated: February 14, 2023

JOSEPH C. SPERO
Chief Magistrate Judge

---

[3] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).